United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 12-0606 CW (KAW) |
| Plaintiff, | DETENTION ORDER |
| v. | |
| DEKELTON LAROY BOYKINS, | |
| Defendant. | |

## I. BACKGROUND

Defendant Dekelton Laroy Boykins is charged in an indictment with a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm and Ammunition). The government moved for his detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study, which recommended that Defendant be detained.

The undersigned held a detention hearing on August 20, 2012. Assistant United States Attorney Maureen Onyeagbako appeared on behalf of the government. Defendant was present and in custody, and represented by Assistant Federal Defender Edward Smock. Probation Officer Carol Mendoza was present. For the reasons stated below, the Court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or

1

danger to the community.  Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(c)(1)(B).  In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances."  *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception").  Bail hearings generally proceed by proffer, and the rules of evidence do not apply.  18 U.S.C. § 3142(f).  At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person.  *Id.*  The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required."  *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider  (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release.  18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.  The Ninth Circuit has held that the weight of the evidence should be treated as the least important factor.  This guards against the possibility of making a "preliminary determination of guilt" that then leads to punishment in the form of a refusal to grant release.  *Motamedi*, 767 F.2d at 1408.  "The [] factor may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community."  *Id.*

The charges against Defendant give rise to a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(1). The presumption of detention shifts the burden of *production* to the defendant; the ultimate burden of persuasion remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

### A. The Nature and Circumstances of the Offense and Weight of the Evidence

The indictment charges that Defendant, who has been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a semi-automatic pistol and ammunition. Defendant was arrested for this offense on July 26, 2012 by the BART police. He was not cooperative, attempted to flee, and tried to grab an officer's taser. He had just been released from prison on July 19, 2012.

The nature and circumstances of the offense, given defendant's speedy recidivism and possession of a firearm, shows that Defendant may pose a danger to the community. Defendant's behavior during this arrest also shows that he may be a risk of flight. Thus, the nature and circumstances of the offense weigh in favor of detention. The indictment does not reveal much regarding the weight of the evidence; regardless, the weight of the evidence is the least important factor in the Court's analysis. *See Motamedi*, 767 F.2d at 1408.

### B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Defendant is 28 years old. Before he was arrested for the instant offense, he was living on the streets in Richmond. Except for the periods of time when he was incarcerated, he has lived in Richmond since he was a child.

He has family in the area, but spent some of his youth in foster homes and living with friends in a housing project in Richmond. He has nine siblings. He does not have any contact with his mother, who was just released from jail two weeks ago. He has never been married and has no children. He has little or no employment experience.

Defendant provided his step-mother, step-grandmother, and step-uncle as potential sureties. Pretrial Services was only able to interview his step-uncle, who was unwilling to co-sign a bond due to a lack of financial resources, or allow Defendant to reside with him due to a lack of

space. Pretrial Services was unable to contact the other potential sureties. Although several of his family members were present at the detention hearing, Defendant has no potential sureties.

Defendant has been diagnosed with paranoid schizophrenia and depression by the California Department of Corrections, and is currently taking an antidepressant and antipsychotic. He hears voices in his head. Defendant declined to discuss illicit substance and alcohol use on the advice of counsel.

Defendant has been convicted of the following felonies: taking a vehicle without the owner's consent and burglary in 2004; possession of a narcotic for sale in 2006; possession of a narcotic for sale in 2007; violation of parole, possession of a narcotic, and owning prohibited ammunition in 2008; and being a felon in possession of a firearm—namely, a sawed-off shotgun—in 2010. In addition, he has been convicted of the following misdemeanors: obstructing a public officer in 2004; giving false identification to a police officer, possessing burglary tools, and driving without a license in 2005. He has been arrested many other times.

Defendant has had twelve parole or probation violations and has failed to appear for court proceedings on multiple occasions. In 2001, he attempted to flee from a county facility.

**C. Analysis**

In light of the above evidence, the Court finds that Defendant has failed to rebut the presumption of detention. Given his unemployment, his lack of a home or sureties, his previous probation or parole violations, and his mental health problems, Defendant presents an unmitigable risk of flight. Defendant's attorney proposed that Defendant be released to a halfway house. But the above circumstances, as well as Defendant's attempt to flee when he was arrested, show that the Court cannot reasonably be assured that he would remain in the halfway house, where there would be nothing preventing him from walking away.

The Court finds by clear and convincing evidence that Defendant is a risk of flight, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure his appearance. 18 U.S.C. § 3142(e) and (f); *Motamedi*, 767 F.2d at 1406. Accordingly, Defendant shall be detained.

///

4

## III. CONCLUSION

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 22, 2012

KANDIS A. WESTMORE
United States Magistrate Judge